IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| KENNETH RALPH BOYD | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:19-cv-00007 |
| AMY D. STAGGS and KIMBERLY KLEINE, | ) | JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Kenneth Ralph Boyd, an inmate of the South Central Correctional Facility in Cilfton, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Amy D. Staggs and Kimberly Kleine, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.    Alleged Facts

The complaint alleges that, on August 28, 2017, Laresa Farsha assessed Plaintiff's pre-parole risk level as low, requiring no conditions upon release. (Doc. No. 1 at 5). On September 9, 2017, Amy Staggs entered Fasha's assessment into TOMIS; however, Staggs inputted that Plaintiff was in need of group therapy for alcohol and drugs. (*Id.*) In doing so, the complaint alleges that Staggs "arbitrar[ily] tamper[ed] with institutional records/government records" (*id.* at

2

5) and violated unspecified policy #505.07 (*Id*. at 6). Plaintiff was denied parole on October 3, 2017. (*Id*. at 13). A notation on the Incident Statement states that "TCOM was recommended."[1] (*Id*.)

On September 14, 2018, Marie Hall completed another pre-parole assessment and determined that Plaintiff was low risk and needed no parole conditions. (*Id*. at 5). Kimberly Kleine made decisions concerning Plaintiff's parole conditions based on summary reports completed prior to Plaintiff's parole hearing that contained the erroneous entry by Staggs. (*Id*. at 6). According to Plaintiff, Kleine knew Staggs's report was inaccurate. (*Id*.) The Parole Board recommended the grant of parole to Plaintiff on October 2, 2018, with the mandate that he complete time in a therapeutic community. (*Id*. at 5-6). This recommendation was based in part on the summary reports completed by Kleine, which relied in part on Staggs's erroneous entry. (*Id*.)

Plaintiff states that requiring him to complete a 9-12 month program for offenders who are users of drugs and alcohol "defraud[s] the federal government for funding as [he has] no treatable condition for a substance use disorder, or any addiction issues." (*Id*. at 7). He believes that Defendants violated his procedural due process rights under the Fifth and Fourteenth Amendments. (*Id*. at 5-7).

## IV. Analysis

First, Plaintiff alleges that Defendants violated their own policies, specifically "505.07." (Doc. No. 1 at 5-6). The complaint does not identify the source of policy # 505.07.

---

[1] The Court surmises that "TCOM" refers to Therapeutic Community. (Doc. No. 1 at 13).

Parole supervision function are performed by TDOC; thus, parole officers and supervisors are employees of TDOC. *Clifton v. Patrick,* No. 1:17-cv-01035-STA-ebg, 2017 WL 4478248, at 7 n.2 (W.D. Tenn. Oct. 5, 2017). It is settled that alleged violations of Tennessee Department of Correction (TDOC) policies are not actionable under Section 1983. *See Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995) (stating that, after *Sandin*, it became clear that mandatory language in prison regulations does not create a liberty interest protected by the due process clause); *Upshaw v. Jones*, No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015); *Levine v. Torvik*, 986 F.2d 1505, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995). Consequently, the Court finds that the complaint fails to state Section 1983 claims arising from any Defendants' failure to follow TDOC or facility policies.

Next, the complaint alleges that Defendant Staggs violated Plaintiff's due process rights by entering an erroneous or false assessment into TOMIS on September 1, 2017; that Defendant Kleine, when preparing her summary report, violated Plaintiff's due process rights by relying on the erroneous or false input by Staggs; that the Parole Board's mandate that Plaintiff participate in a drug and alcohol treatment program violates his right to procedural due process because he has no drug or alcohol problems; and that unidentified "the parole hearing officer" violated Plaintiff's procedural due process right "to a fair hearing" on October 2, 2018 by relying on Staggs's recommendation. (Doc. No. 1-7).

As relief, Plaintiff requests a modification of the condition of his parole, damages in the amount of $10,000 a day "after the decision of parole grant and [he] remain[s] in prison," entry of summary judgment in his favor, and a "punitive award assessed by the Court." (Doc. No. 1 at 15). While Plaintiff seeks monetary damages for each day he remains in prison after the Parole Board's decision to grant parole, he does not seek immediate relief from custody—an important distinction

because, had Plaintiff sought immediate release from custody, the instant Section 1983 complaint would have been an inappropriate method to seek release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus.").

Because Tennessee's statutory scheme places the decision to grant parole within the complete discretion of the parole board, inmates have no state-created liberty interest in parole. *See Seagroves v. Tenn. Bd. of Probation & Parole*, 86 F. App'x 45 (6th Cir. 2003); *Berry v. Traughber*, 48 F. App'x 483, 484 (6th Cir. 2002) ("Berry has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws."); *Wright v. Trammell*, 810 F.2d 589 (6th Cir. 1987) (per curiam) (Tennessee law creates no liberty interest in parole). *See also Sweeton v. Brown,* 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc) ("After *Olim* and *Inmates*, it became clear that procedural statutes and regulations governing parole do not create federal procedural due process rights.... The parole authorities in the State of Michigan may have been required to follow their own procedural statutes and regulations on parole as amplified in the consent decree as a matter of state law, but there is not now any viable legal theory by which Michigan state authorities are require to follow such procedural rules as a matter of federal due process.")

"Due process in parole proceedings is satisfied as long as the procedure used affords the inmate an opportunity to be heard, and, if parole is denied, the Parole Board informs the inmate of the basis upon which it denied parole." *Seagroves v. Tenn. Bd. of Probation & Parole*, 86 F. App'x 45, 48 (6th Cir. 2003) (citing *Greenholtz v. Inmates of the Ne. Penal & Corr. Complex*, 442 U.S.

1, 16 (1979)). Likewise, there is "no constitutional or inherent right of a convicted person to be conditionally released" on parole. *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011).

Furthermore, parole board members enjoy absolute immunity for actions taken in connection with determining whether to grant or deny parole. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)); *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir.1990) ("[P]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers."); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir.1996) (holding that a hearing examiner and probation officer who recommended delay of parole were entitled to absolute immunity); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.1994) (holding that probation officers who prepare presentence reports are closely associated with the exercise of a judicial function and are entitled to absolute immunity)); *Rollins v. Williams*, No. 3:15-cv-00785, 2015 WL 4604576, at *2 (M.D. Tenn. July 30, 1995) (parole board members are absolutely immune from damages liability).

Here, it is undisputed that Plaintiff received a parole hearing and the Board recommended parole. Plaintiff does not allege that he was denied an opportunity to be heard during his parole hearing. As such, Plaintiff has no due process claims based on the parole hearing itself, the process leading up to his parole hearing, or the granting of his parole. *See, e.g., Leggs v. Genovese*, No. 3:16-cv-02069, 2017 WL 6507972, at *6 (M.D. Tenn. Dec. 20, 2017) ("Because Tennessee law does not provide any substantive liberty interest in parole, Petitioner has no basis for any habeas challenge to the Board's parole decisions or the procedures surrounding them.") (citing *Settle v. Tennessee Dep't of Corr.*, 487 Fed. App'x 290, 291 (6th Cir. 2012)) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) and *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir.1994) (en banc)).

Plaintiff also challenges the conditions of his release on parole, specifically the requirement that he attended a 9-12 month substance abuse program or "therapeutic community." However, the Sixth Circuit has long recognized that Tennessee inmates have no state-created liberty interest in the possibility of parole, "[b]ecause Tennessee's statutory scheme places the decision to grant parole within the complete discretion of the parole board[.]" *Hawkins v. Tenn. Bd. of Probation & Paroles*, No. 07-2326-B/P, 2007 WL 1574241, at *3 (W.D. Tenn. May 29, 2007) (citing, *e.g.*, *Wright v. Trammell*, 810 F.2d 589, 591 (6th Cir. 1987)). Section 40-28-117(a) of the Tennessee Code defines parole as "a privilege and not a right" and provides that, if the parole board deems parole to be appropriate, "the prisoner may be paroled and if paroled shall be allowed to go upon parole . . . upon the terms and conditions as the board shall prescribe[.]" (emphasis added). Thus, Plaintiff has no federal constitutional claim based on the terms and conditions prescribed by the Parole Board because Tennessee law does not create a liberty interest in parole.

Regarding Plaintiff's due process claims based on alleged erroneous or false information in his file on which the Parole Board relied to impose the condition of his parole, "reliance on false information in a parole hearing does not constitute a violation of due process rights." *Jergens v. Ohio Dep't of Rehab. & Corr.*, No. 2:10-cv-01183, at **3-4 (S.D. Ohio June 13, 2011) (citing *Whiteside v. Ohio Dep't of Rehab. & Corr.*, No. 2:03-cv-00439, Doc. No. 49 at 13) (S.D. Ohio Mar. 31, 2004)) (where plaintiff was not challenging the outcome of his parole decision but rather the process that "unfairly determined the outcome," court rejected the claim, agreeing with *Whiteside* that a prisoner has no right protected by due process to challenge the accuracy of information used by the parole board); *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996), *aff'd*, 121 F.3d 699 (4th Cir. 1997) (*per curiam*) (explaining that a prisoner may not raise a claim under Section 1983 to contest information in his parole file because a prisoner does not have a

liberty interest in being granted parole); *Washington v. White*, 805 F. Supp. 191, 193 (S.D. N.Y. 1992) (explaining that "[s]ince New York's parole provisions do not create an entitlement to parole ... any alleged unfairness in plaintiff's parole hearing does not and cannot afford a predicate for relief under Section 1983"). Plaintiff fails to state a claim upon which relief can be granted under Section 1983 here as well.

Finally, in Tennessee, decisions regarding parole are discretionary and are vested exclusively in the Board of Parole. *Doyle v. Hampton*, 340 S.W.2d 891, 893 (Tenn. 1960). Therefore, the only vehicle for obtaining limited judicial review of a Parole Board's decision to deny parole is a common law writ of certiorari. *Stone v. Tenn. Bd. of Parole*, No. M201601730COAR3CV, 2017 WL 4217164, at *4 (Tenn. Ct. App. Sept. 20, 2017), *perm. app. denied* (Tenn. 2017). Common law writ of certiorari may be used "to remedy (1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003) (citing *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980)). The Tennessee Court of Appeals explained:

> The scope of review under the common law writ ... is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or [acted] illegally, fraudulently, or arbitrarily. ... At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994) (citations omitted). If dissatisfied with the ruling of the lower state court, the prisoner may appeal to the Tennessee Court of Appeals. *Id*. The appellate court will issue a writ of certiorari where a prisoner

makes a showing that there was "any fundamental irregularity in the Board's procedures" or that "the Board acted illegally, fraudulently, or arbitrarily." *Williams v. Tenn. Bd. of Prob. & Parole*, No. M2006-02336-COA-R3CV, 2007 WL 3132935, at *4 (Tenn. Ct. App. Oct. 26, 2007).

The complaint does not indicate whether Plaintiff has pursued or obtained a common law writ of certiorari. And, it is unclear whether the processed described above applies to a challenge to a Tennessee parole board's decision to *grant* parole *with conditions*, as is the case here. In any event, this is federal court, not state court, and this Court has no jurisdiction under Section 1983 to issue a writ of certiorari finding that the Parole Board acted illegally, fraudulently, or arbitrarily. *See Whipple v. Tenn. Bd. of Paroles*, No. 1:17-CV-148-RLJ-SKL, 2018 WL 1387066, at *7 (E.D. Tenn. Mar. 19, 2018) (dismissing plaintiff's claim in his amended Section 1983 complaint for an application for a writ of certiorari seeking judicial review of the parole board's decision to deny him parole). To the extent that Plaintiff seeks a finding by the Court that the Parole Board acted illegally, fraudulently, or arbitrarily, this Court cannot grant Plaintiff such relief.

## V.     Conclusion

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's claims are subject to dismissal for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915A. All claims and defendants, therefore, will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE